UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNEAST PIPELINE CO., LLC, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-465 |
| v. | : | (MANNION, D.J.) |
| A PERMANENT EASEMENT OF 0.13 ACRE IN KINGSTON TOWNSHIP, LUZERNE COUNTY, PENNSYLVANIA, TAX PARCEL No. 35-R9-32-000, et al., | : : : | |
| Defendants | : | |

# ORDER

Presently before the court is the report and recommendation ("Report") of Magistrate Judge Martin C. Carlson, (Doc. 23), which recommends that the court grant the plaintiff PennEast Pipeline Company's motion for partial summary judgment, (Doc. 17). Neither party has filed objections to the Report.

Even where no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P.72(b) advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d

874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.31.

In his Report, Judge Carlson notes that the present facts are essentially undisputed. Namely, a dispute over PennEast's ability to legally take their private property for a public purpose—that is, to create a pipeline right-of-way. PennEast filed the instant Verified Complaint in eminent domain under the Natural Gas Act seeking to condemn certain property rights it alleges are necessary for the construction, operation, and maintenance of the PennEast Pipeline project. PennEast filed the instant motion for partial summary judgment, seeking that the court find it is legally entitled to take the property, subject to fair compensation being provided to the defendants.

Judge Carlson recommends that, because PennEast has met the three elements necessary to prevail on the taking aspect of a land condemnation claim under the Natural Gas Act, 15 U.S.C. §717f(h), the court grant its motion. Although the defendants opposed PennEast's motion, the Report observes that none of the alleged legal obstacles they cite are directly related to PennEast's ability to seek condemnation of the particular property at issue

here. Namely, the defendants cite cases that have either been resolved in PennEast's favor or that deal with issues totally unrelated to the questions presented in this case. Further, the Report notes that PennEast's various legal hurdles, such as its requests to the FERC for amendments to its certificate, do not merit the setting aside of PennEast's right to secure the specific property at issue, as the defendants argue. Thus, in sum, the Report concludes that the opposition lodged by the defendants do not undermine the certificate of public necessity issued by the FERC to PennEast, which gives its holder "the ability to obtain automatically the necessary right of way through eminent domain, with the only open issue being the compensation the landowner defendant will receive in return for the easement." *Columbia Gas Transmission, LLC v. 1.01 Acres*, 768 F.3d 300, 304 (3d Cir. 2014).

For all these reasons, Judge Carlson recommends this court grant the instant motion for partial summary judgment, finding that PennEast is legally entitled to take this parcel for public use, and proceed with the determination of fair compensation owed to the defendants.

The court has conducted a thorough review of the Report, the pleadings, and the other filings of record, as well as the applicable law in this case, and is constrained to agree with Judge Carlson's legal reasoning which

led him to his recommendation. Accordingly, the court will adopt the Report in its entirety as the decision of this court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The Report of Judge Carlson, (Doc. 23), is **ADOPTED IN ITS ENTIRETY**;

**(2)** PennEast's motion for partial summary judgment, (Doc. 17), is **GRANTED** and **JUDGMENT IS ENTERED** in favor of PennEast as follows:

**a.** PennEast has the right and authority under the Natural Gas Act, 15 U.S.C. §717f(h), to condemn the following easement and right of way on the subject property (identified in the Verified Complaint by Luzerne County Tax Parcel No. 35-E9-00A-032-000), as approved by the Order of the FERC, dated January 19, 2019, Docket CP-15-558-000, granting PennEast a Certificate of Public Convenience and Necessity (the "FERC Order"):

**i.** A permanent non-exclusive access road easement totaling 0.13acre ± as depicted on Exhibit A, for temporary use during construction of the Pipeline approved by the FERC Order for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction and all activities required by the FERC Order; and for long term access to the Pipeline for periodic inspections, maintenance and repairs.

**(3)** By separate order, the court will schedule a hearing for the determination of the amount of just compensation.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 22, 2021**
19-465-06